Clerk's Copy

FILED
AT ALBUQUERQUE NM
SEP 15 1999
ROBERT M. MARCH
CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    No. CIV-99-0832 LH/WWD
    CR-97-382 LH

EDDY WILKINS,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court to consider Defendant's Motion for Leave to File Out of Time Notice of Appeal filed July 13, 1999. Defendant alleges his attorney promised to, but did not, file an appeal from Defendant's conviction in 1998. In response, Plaintiff asserts the motion must be denied because Defendant waived his right to appeal his sentence and because the motion is not timely. For the reasons below, the specific relief sought by Defendant must be denied, and the motion will be construed under 28 U.S.C. § 2255.

Plaintiff correctly asserts that Defendant waived his right to appeal in the plea agreement. Furthermore, Defendant waited almost a year and a half to submit his request to file late notice of appeal. Judgment was entered on Defendant's conviction February 18, 1998; the motion to file late notice of appeal was filed July 13, 1999. Under Fed.R.App.P. 4(b), even upon a showing of excusable neglect, a notice of appeal may not be filed later than forty days after entry of judgment. Defendant is barred from filing a notice of appeal.

The foregoing does not end the Court's inquiry. As noted recently by the Court of Appeals for the Tenth Circuit, where a defendant "filed a motion to vacate and re-enter his sentence for purposes of appeal...and sought an enlargement of the one-year deadline under § 2255, ...[t]his



constitutes a § 2255 motion.... If Defendant can establish actual or constructive denial of the right to counsel in perfecting an appeal, prejudice is presumed." *United States v. Crowell*, No. 98-2064, 1999 WL 285855, at *2-*3 (10th Cir. April 21, 1999) (internal citations omitted). And as noted by the Supreme Court, "if a litigant files papers in a fashion that is technically at variance with the letter of a procedural rule, a court may nonetheless find that the litigant has complied with the rule if the litigant's action is the functional equivalent of what the rule requires." *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 316-17 (1988) (*quoted in United States v. Smith*, 182 F.3d 733, 735 (10th Cir. 1999)). Assuming the truth of Defendant's allegations, his motion to file late notice of appeal is the functional equivalent of a § 2255 motion and will be so construed. No opinion is expressed or implied herein as to the timeliness of this § 2255 motion.

IT IS THEREFORE ORDERED that the relief sought in Defendant's Motion for Leave to File Out of Time Notice of Appeal filed July 13, 1999, is DENIED without prejudice;

IT IS FURTHER ORDERED that the motion is construed as a motion to vacate, set aside, or correct sentence; and the United States shall answer Defendant's motion to vacate, set aside, or correct sentence within twenty-three days of receipt of this order.

UNITED STATES DISTRICT JUDGE