# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

vs.                                                    Civil No. 99-832 LH/WWD
                                                      Crim. No. 97-382 LH

EDDY WILKINS,

    Defendant/Petitioner.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

    1. THIS MATTER comes before the Court upon Petitioner's Motion to Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C. § 2255. Petitioner initially filed a Motion for Leave to File Out of Time Notice of Appeal, which was construed as a § 2255 petition. See Court's Ord., 9/15/99 [docket # 6].

    2. Petitioner is incarcerated and is proceeding *pro se*. In October, 1997, Petitioner pleaded guilty to Possessing with Intent to Distribute more than 100 Kilograms of Marijuana, a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and 18 U.S.C. §2. Resp. Ex. A (plea agreement). He was sentenced to five years imprisonment, with four years of supervised release. [docket # 62, Cr.No. 97-0382].

    3. In his federal petition, Petition contends that trial counsel was ineffective for failing to appeal his case. After the Response was filed, Petitioner added a claim best construed as an alleged due process violation based on failure to afford him the right to allocute.

    4. Respondent argues both that the petition is procedurally barred as untimely and also

that the underlying ineffective assistance claim has no merit.

5. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended 28 U.S.C. § 2255 by adding a time-limit provision for § 2255 motions, precluding a prisoner from filing a § 2255 motion more than one year after the conviction becomes final. 28 U.S.C. § 2255(1); see United States v. Simmonds, 111 F.3d 737, 746 (10th Cir.1997).

6. The judgment in Petitioner's criminal case was entered on February 17, 1998 [docket # 64]. Petitioner never filed a notice of appeal. His conviction became final ten days after his right to seek appeal ended, on February 27, 1998, FRAP 4(b)(1)(A)(i),[1] making the deadline for filing a federal petition February 27, 1999.

7. Because the present petition was filed on July 13, 1999, it is untimely and barred under the one-year statute of limitations. Petitioner has not alleged that he has in some "extraordinary way" been prevented from asserting his rights such that the limitations period should be equitably tolled. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir.), cert. denied, 119 S. Ct. 210 (1998).

8. Even if this petition had been timely filed, the underlying claims have no merit and should be dismissed. To prove ineffective assistance of counsel in the context of a guilty plea, the petitioner must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Laycock v. New Mexico, 880 F.2d 1184,

---

[1] Where petitioner files a direct appeal, the one-year limitation period for filing for federal post-conviction relief does not begin to run until after the United States Supreme Court has denied review, or, if no petition for certiorari is filed, after the time for filing a petition for certiorari with the Supreme Court has passed. See Rhine v. Boone, 182 F.3d 1153, 1155 (10th Cir. 1999). In this case, since no direct appeal was filed, the conviction became final after the time for filing an appeal had passed.

1187 (10th Cir. 1989).

9. Counsel cannot be ineffective for failing to appeal because according to the express terms of the written plea agreement, Petitioner waived his right to appeal. Resp. Ex. A at 4; United States v. Hernandez, 134 F.3d 1435, 1437 (10th Cir. 1998) (it is beyond dispute that "[a] defendant's knowing and voluntary waiver of the statutory right to appeal his sentence is generally enforceable"); United States v. Atterberry, 144 F.3d 1299, 1300-01 (10th Cir. 1998) (enforcing defendant's waiver of statutory right to appeal).

10. Petitioner does not contend that the sentence imposed exceeds the maximum set out in the plea agreement, nor does he otherwise offer evidence that the agreement was materially breached or misrepresented.

11. Petitioner's supplemental due process claim also lacks merit. The transcript of the plea hearing held on October 16, 1997 indicates that Petitioner did in fact allocute to the facts underlying his criminal conviction. Tr. at 11.[2]

**Recommendation**

I recommend that Petitioner's Motion to Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C. § 2255 be DENIED and that this cause be DISMISSED WITH PREJUDICE IN ITS ENTIRETY, based on this Court's lack of jurisdiction to address the petition which is barred under the applicable one-year statute of limitations.

Within ten days after a party is served with a copy of these proposed findings and

---

[2] At an earlier plea hearing held on October 3, 1997, Petitioner recited additional facts regarding the incident, but when he stated that he did not know there were drugs in the car, the district judge rejected the plea and informed the parties that the case would be set for trial. Tr. at 23-25. However, a later plea hearing was set after the Petitioner had additional time to consult with counsel. Tr. at 9-10.

recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections with the clerk of the district court within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

/s/ William b Deaton
UNITED STATES MAGISTRATE JUDGE